626 F.2d 1114
 TOWN COURT NURSING CENTER, INC.
and
Emma Cooper, Mary Crawford, Hazel Kemp, Arnold L. Phillips,
Delphine Taddei, Nancy Truitt, Individually and on behalf of
the class of patients eligible for Pennsylvania Medical
Assistance Program benefits at Town Court Nursing Center, Inc.
v.
Helen O'BANNON, Individually and in her capacity as
Secretary of Public Welfare of the Commonwealth of
Pennsylvania, and Joseph A. Califano, Jr., Individually and
in his capacity as Secretary of the United States Department
of Health, Education and Welfare.
Appeal of Emma COOPER, Mary Crawford, Hazel Kemp, Arnold L.
Phillips, Delphine Taddei and Nancy Truitt, Individually and
on behalf of the class of patients eligible for Pennsylvania
Medical Assistance Program benefits at Town Court Nursing Center, Inc.
 No. 77-2222.
 United States Court of Appeals,
Third Circuit.
 Opinion on Remand from the Supreme Court Aug. 28, 1980.
 
 William F. Coyle, Abrahams & Loewenstein, Philadelphia, Pa., Emma Cooper, et al.
 Jeffrey B. Albert, Nathan L. Posner, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for Town Court Nursing Center.
 Margaret M. Hathaway, U. S. Dept. of H. E. W., Robert S. Forster, Jr., Asst. U. S. Atty., Philadelphia, Pa., for Jos. A. Califano.
 Maria Parisi Vickers, Asst. Atty. Gen., Michael von Moschzisker, Deputy Atty. Gen., Eastern Regional Director, Robert P. Kane, Atty. Gen., Philadelphia, Pa., for Helen O'Bannon.
 Before SEITZ, Chief Judge, and ALDISERT, ADAMS, GIBBONS, ROSENN, HUNTER, WEIS, GARTH and HIGGINBOTHAM, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 When this case was previously before us, Town Court Nursing Center, Inc. v. Beal, 586 F.2d 280 (3d Cir. 1978), we concluded that the appellants, six residents at the Town Court Nursing Center, had a constitutionally protected property interest in continued residence at Town Court that gave them a right to a pretermination hearing. We therefore vacated a district court order which denied appellants' request for an extension of portions of a preliminary injunction entered during an earlier phase of the litigation. Thereafter, the Supreme Court, acting on petition of Pennsylvania Secretary of Public Welfare, accepted certiorari and in O'Bannon v. Town Court Nursing Center, Inc., --- U.S. ----, 100 S.Ct. 2467, 65 L.Ed.2d ---- (1980), reversed our judgment and remanded the cause to us for further proceedings in conformity with its opinion. The Court held that enforcement by the Department of Health, Education and Welfare and the Pennsylvania Department of Public Welfare of their valid regulations did not directly affect appellants' legal rights or deprive them of any constitutionally protected interest in life, liberty or property.
 
 
 2
 Accordingly, for the reasons set forth in the Supreme Court's opinion, the judgment of the district court will be affirmed.